UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DENNIS LLOYD & ASHLEY STOWELL,

    *Plaintiffs,*

    *v.*                        Case No: 3:26-cv-645

COLUMBIA COUNTY & BRENDAN CUTRELL,

    *Defendants.*

---

## COMPLAINT

---

Plaintiffs Dennis Lloyd and Ashley Stowell, by their attorneys, Strang Bradley, LLC, for their complaint against Defendants Columbia County and Brendan Cutrell, state:

### JURISDICTION AND VENUE

1. This lawsuit is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b)(2). Defendant Columbia County is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within the judicial district.

## PARTIES

4.      Plaintiffs Dennis Lloyd and Ashley Stowell are residents of the State of Wisconsin.

5.      Defendant Columbia County is a political subdivision of the state of Wisconsin, the employer of Defendant Cutrell, and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

6.      Defendant Brendan Cutrell was, at the time of this occurrence, employed as a deputy in the Columbia County Sheriff's Office. Defendant Cutrell engaged in the conduct complained of while he was on duty, acting under color of state and local law, and in the course and scope of his employment with Columbia County. He is sued in his individual capacity.

## FACTS

7.      On May 19, 2025, Plaintiff Lloyd was driving on a county highway in Columbia County with his girlfriend, Plaintiff Stowell, in Lloyd's Jeep.

8.      Defendant Columbia County Sheriff's Deputy Cutrell saw Stowell's Jeep.

9.      Cutrell would later claim in his report that he pulled Lloyd over because Lloyd's license plate light was out.

10.     The license plate light was not out, as can be seen from this still from Cutrell's squad camera as the Jeep maneuvered a curve:

2



11.    Indeed, Cutrell ran the Jeep's license plate before pulling it over, and when it returned to Stowell, with whom he had prior contact, he requested a K9.

12.    Cutrell then pulled the Jeep over.

13.    Cutrell lacked the reasonable suspicion or probable cause necessary to initiate a seizure.

14.    After the traffic stop, Cutrell arrested Lloyd, but Lloyd was never charged.

## COUNT 1:
## 42 U.S.C. § 1983 Claim for Unlawful Seizure

15. Plaintiffs reallege the above paragraphs.

16. Defendant Cutrell seized Lloyd and Stowell without probable cause or reasonable suspicion, in violation of Plaintiffs' Fourth Amendment rights.

17. Cutrell acted under color of state and local law when he unreasonably seized Lloyd and Stowell.

18. The actions of Cutrell were the direct and proximate cause of the constitutional violation set forth above and Plaintiffs' resulting injuries: mental suffering, anguish, fear, humiliation, loss of personal freedom, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Cutrell and, because he acted intentionally, recklessly, or with callous indifference toward Plaintiffs' rights, punitive damages, plus the costs of this action, attorney's fees, and such other and further relief that the Court deems just and equitable.

## COUNT 2:
## Indemnification Claim

19. Plaintiffs reallege the above paragraphs.

20. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which its employees are liable, for acts within the scope of their employment.

21. At all times relevant to this action, Defendant Cutrell was on duty and acting within the scope of his employment with Columbia County.

4

WHEREFORE, Plaintiffs ask this Court to find that Columbia County is liable to defend this action against Defendant Cutrell and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 17 July 2026,

/s/ R. Rick Resch
R. Rick Resch
  Wisconsin Bar No. 1117722
John H. Bradley
  Wisconsin Bar No. 1053124
William E. Grau
  Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
Rick@StrangBradley.com
John@StrangBradley.com
William@StrangBradley.com

*Attorneys for Plaintiffs*

5